FILED
2014 Oct-29  PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MIKHAIL LOMTADZE,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **CIVIL ACTION NO:** |
| v. | ) | |
| | ) | **CV** _____ |
| **CONFEDERATE MOTORS, INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT

Plaintiff Mikhail Lomtadze ("Plaintiff" or "Mr. Lomtadze") states as follows concerning his complaint against Defendant Confederate Motors, Inc. ("Defendant" or "Confederate Motors"):

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is an adult resident citizen of Almaty, Kazakhstan, a foreign state.  Plaintiff is not lawfully admitted for permanent residence in the United States.

2.     Confederate Motors is an Alabama corporation with its principal place of business in Jefferson County, Alabama, within the Northern District of Alabama, Southern Division.

3.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     This Court has subject matter jurisdiction under 28. U.S.C. § 1332(a)(2).

5.     Venue is proper in the Southern Division of the Northern District of Alabama under 28 U.S.C. § 1391.

## FACTS

6.     Mr. Lomtadze ordered an X132 Hellcat motorcycle ("Hellcat") from Confederate Motors on or about October 22, 2012.   Mr. Lomtadze prepaid $40,000.00 to Confederate Motors for the Hellcat on or about October 25, 2012.  The $40,000.00 constituted the full purchase price of the Hellcat.  Confederate Motors promised that it would ship the Hellcat to Mr. Lomtadze on January 31, 2013. Confederate Motors never delivered the Hellcat to Mr. Lomtadze.

7.     On or about December 17, 2012, Confederate Motors sent Mr. Lomtadze a proposal to purchase an R131 Black Flag Fighter motorcycle ("Fighter") from Confederate Motors for $90,000.00.  Confederate Motors' proposal required that Mr. Lomtadze make a prepayment to Confederate Motors of $30,000.00.  As part of this proposal, Confederate Motors promised that it would ship the Fighter to Mr. Lomtadze in May 2013.

8.     On or about December 17, 2012, Confederate Motors sent Mr. Lomtadze a proposal to purchase an R135 Black Flag Wraith motorcycle ("Wraith") from Confederate Motors for $100,000.00.  Confederate Motors' proposal required

him to make a prepayment to Confederate Motors of $30,000.00. As part of this proposal Confederate Motors promised that it would ship the Wraith to Mr. Lomtadze in May 2013.

9.      On December 18, 2012, in order to induce Mr. Lomtadze to purchase the Wraith and the Fighter and make the required prepayments, Pamela Miller ("Ms. Miller"), an agent of Confederate Motors, represented to Mr. Lomtadze that she had spoken to the CEO of Confederate Motors, Matt Chambers ("Mr. Chambers"). Ms. Miller represented that Mr. Chambers had confirmed that the Wraith and the Fighter would be ready for Mr. Lomtadze in May 2013 if he accepted Confederate Motors' proposals to purchase them.

10.     On December 27, 2012, to further induce Mr. Lomtadze to agree to purchase the Wraith and the Fighter and make the prepayment of $30,000.00 for the Fighter and the prepayment of $30,000.00 for the Wraith, Ms. Miller, as agent of Confederate Motors, represented that the Hellcat which Mr. Lomtadze had ordered and paid for would ship to Mr. Lomtadze on January 31, 2013.

11.     In reliance on Confederate Motors' representations, Mr. Lomtadze agreed to purchase the Fighter and made the required partial prepayment of $30,000.00 to Confederate Motors for the Fighter on or about December 28, 2012. Confederate Motors promised that it would ship the Fighter to Mr. Lomtadze in May 2013. Confederate Motors never delivered the Fighter to Mr. Lomtadze.

12.    In reliance of Confederate Motors' representations, Mr. Lomtadze agreed to purchase the Wraith and made the required partial prepayment of $30,000.00 to Confederate Motors for the Wraith on or about December 28, 2012. Confederate Motors promised that it would ship the Wraith to Mr. Lomtadze in May 2013. Confederate Motors never delivered the Wraith to Mr. Lomtadze.

13.    Thereafter, Confederate Motors continued to represent that it would deliver the three motorcycles at later dates, but never met these commitments.

14.    Due to the unreasonable delays in delivering the motorcycles as promised, Confederate Motors has breached its agreements with Mr. Lomtadze.

15.    Moreover, Confederate Motors represented that it would provide the three motorcycles to Mr. Lomtadze to induce him to enter into the agreements to purchase the three motorcycles and to prepay the $100,000.00 to Confederate Motors as outlined above.

16.    At the time of these fraudulent representations, Confederate Motors did not intend to deliver the three motorcycles to Mr. Lomtadze as promised and intended to deceive Mr. Lomtadze.

17.    Mr. Lomtadze detrimentally relied on the fraudulent misrepresentations of Confederate Motors by entering into the agreements to purchase the three motorcycles and paying Confederate Motors $100,000.00.

18.    As a result of Confederate Motors' failure to deliver the motorcycles as promised, Mr. Lomtadze had to purchase other motorcycles from a different company.

19.    Mr. Lomtadze has requested that Confederate Motors return the $100,000.00 he paid to Confederate Motors, but Confederate Motors has refused to do so.

## COUNT ONE - BREACH OF CONTRACT

20.    Mr. Lomtadze incorporates the allegations of the preceding paragraphs as if fully set forth herein.

21.    Mr. Lomtadze prepaid Confederate Motors approximately $100,000.00 for three motorcycles in late 2012.

22.    Confederate Motors failed to deliver these motorcycles to Mr. Lomtadze as promised.

23.    Confederate Motors continued to represent that it would deliver the motorcycles at later dates, but never met these commitments.

24.    Due to the unreasonable delays in delivering the motorcycles as promised, Confederate Motors has breached its agreements with Mr. Lomtadze.

25.    Mr. Lomtadze has requested that Confederate Motors return the prepayments totaling $100,000.00, but Confederate Motors has refused to do so.

WHEREFORE, Mr. Lomtadze requests that the Court enter judgment in his favor and against Defendant Confederate Motors, Inc. in the amount of $100,000.00, plus interest and costs and any other appropriate relief.

## COUNT TWO -CONVERSION

26.    Mr. Lomtadze incorporates the allegations of the preceding paragraphs as if fully set forth herein.

27.    Mr. Lomtadze made prepayments to Confederate Motors of specific, identifiable funds which were earmarked for the three motorcycles as detailed above.

28.    Confederate Motors wrongfully took a total of $100,000.00 belonging to Mr. Lomtadze.

29.    Confederate Motors' used the prepayments for its own benefit rather than for the purpose for which the prepayments were made.

30.    Confederate Motors has refused to return the $100,000.00 belonging to Mr. Lomtadze.

WHEREFORE, Mr. Lomtadze requests that this Court enter judgment in his favor and against Confederate Motors for compensatory and punitive damages, along with interest, costs, and any other appropriate relief.

## COUNT THREE –UNJUST ENRICHMENT

31.    Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

32.     Mr. Lomtadze paid $100,000.00 to Confederate Motors in reliance on Confederate Motors' fraudulent representations set forth above.

33.     Confederate Motors knowingly accepted and continues to retain the $100,000.00 paid by Mr. Lomtadze.

34.     Confederate Motors has been wrongfully and unjustly enriched because it failed to deliver the motorcycles to Mr. Lomtadze as promised and has continued to retain Mr. Lomtadze's $100,000.00.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant Confederate Motors, Inc. in the amount of $100,000.00, plus interest and costs and any other appropriate relief.

## COUNT FOUR-FRAUD

35.     Mr. Lomtadze incorporates the allegations of the preceding paragraphs as if fully set forth herein.

36.     As set forth in more detail above, Confederate Motors willfully and intentionally made false representations to Mr. Lomtadze concerning material facts related to the Hellcat, Wraith, and Fighter.

37.     Mr. Lomtadze reasonably relied on those false representations when by agreeing to purchase the motorcycles and by paying Confederate Motors $100,000.00.

38.    Mr. Lomtadze has been damaged as a proximate cause of those false representations.

39.    Confederate Motors had no intention to perform under the agreements to purchases the three motorcycles, and intended to deceive Mr. Lomtadze when it made the representations and entered into the agreements.

WHEREFORE, Mr. Lomtadze requests that this Court enter judgment in his favor and against Confederate Motors for compensatory and punitive damages, along with interest, costs, and any other appropriate relief.

Dated this 29th day of October, 2014.

Respectfully submitted,

Robert E. Battle ASB-7807-T67R
Adam P. Plant ASB-6324-A64P
*Attorneys for Plaintiff Mikhail Lomtadze*

**OF COUNSEL:**

**BATTLE & WINN LLP**
2901 Second Avenue South, Suite 220
Birmingham, AL 35233
Telephone: (205) 397-8160
Email:    rbattle@battlewinn.com
            aplant@battlewinn.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

Confederate Motors, Inc.
c/o Pamela Miller Registered Agent
3029 Second Avenue South
Birmingham, Alabama 35233